## THE HOWE MACHINE COMPANY, RESPONDENT, *v.* EZRA FARRINGTON, APPELLANT.

*Bond to secure debts to become due from an agent — surety not discharged by the failure of the principal to disclose previous failures of the agent to account — what declarations admissible as part of the res gestæ.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was upon a bond executed by one Davis and the defendant, as his surety, conditioned for the payment of the indebtedness of Davis to the plaintiff, then or thereafter existing. Davis was the agent of the obligee for the sale of machines. The plaintiff was to deliver to him machines for sale, and he was to make reports of sales and to remit proceeds weekly and to return to the company, on demand, all machines not sold. At the time of the execution of the bond Davis was indebted to the plaintiff for machines previously delivered to him, and he became further indebted for machines delivered from time to time after the execution of the bond.

The court at General Term after considering certain objections raised by the appellant, and overruling them said: "Another position taken by the appellant's counsel is that at the time when the bond in suit was given, Davis was repeatedly and largely in default in respect to machines furnished to him by the plaintiff, which fact the plaintiff well knew but did not disclose to the defendant. As we understand the rulings of the court of last resort in this State, those circumstances constitute no defense to an action against a surety for a *debt* or the like, in the absence of connivance or gross negligence. (*McKechnie* v. *Ward*, 58 N. Y., 541; *Atlantic and Pacific Telegraph Co.* v. *Barnes*, 64 id., 385.) However, it may be as to one who becomes surety for the *honesty* of another. (Id.)

"It is contended that the declarations of Davis were not evidence that he received the machines, as against the defendant. The proof was expressly limited to declarations made by him during the period of the consignments and after the execution of the

bond in suit, and consisted of admissions made by him of the correctness of plaintiff's books on their being exhibited to him. The declarations were, therefore, a part of the *res gestœ* and were admissible. It would have been otherwise if they had been made after the transactions were closed, for which the surety was bound. (1 Gr. Ev., § 187; *Hatch* v. *Elkins*, 65 N. Y., 489; *Tenth National Bank* v. *Darragh*, 1 Hun, 111; *Horn* v. *Perry*, 14 id., 409.")

*Thomas Corlett*, for the appellant. *M. A. Whitney*, for the respondent.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed.